ANONYMOUS *v.* ADMINISTRATOR ET AL. (1983–2)*

Superior Court

---

*Thus entitled, in view of the subject matter of the case.

SULLIVAN, J. The plaintiff A, a minor, appeals from a decision of the Probate Court which found that the defendant B, also a minor, was the son of the deceased, C.

The facts giving rise to this appeal are not disputed. C died in 1979. C had cohabited with D for several years prior to his death. During this period D gave birth to two sons, A who was born in 1976 and B who was born in 1977.

The defendants in this matter are B, D and E, who was appointed administrator of the estate of C.

In 1976 the decedent formally acknowledged paternity of A, pursuant to General Statutes § 52-442a, by executing a written acknowledgment of paternity under oath. In 1977 the decedent and D signed a statement of parentage declaring that they were the natural parents of B. The statement was signed before two witnesses, but was not properly acknowledged under oath. That statement of parentage was on a Connecticut department of health form.

On April 14, 1981, the Probate Court held an evidentiary hearing concerning the paternity of B as an aspect of determining the heirs at law for purposes of distributing the estate of the decedent. The court examined much evidence: the statement of paternity, the child's birth certificate naming C as the father and a credit application of C naming B as his son. After examining that and other evidence the Probate Court found that C was the father of B. After reviewing the file and all the exhibits, and after hearing oral arguments of all counsel, this court would state that the evidence was overwhelming that the decedent was the natural father of B. In fact this court does not know of any evidence whatsoever that would show that the decedent was not B's father.

The plaintiff claims that the Probate Court had no jurisdiction to determine the child's paternity after the death of the purported father.

The Probate Court has jurisdiction to determine collateral issues in an effort to ascertain the heirs at law for distribution of an intestate's estate. General Statutes § 45-274 provides for the distribution of an intestate's estate to children born out of wedlock. That section states that: "A child born out of wedlock shall inherit from (A) his or her mother and (B) his or her father, provided such father (i) has been adjudicated the father of such child by a court of competent jurisdiction . . . ." General Statutes § 45-274 (b) (2).

In the distribution of estates, the Probate Court is required to "ascertain the heirs and distributees of each intestate estate . . . ." General Statutes § 45-272. "In performing its duty of ascertaining distributees 'the Court of Probate has jurisdiction to determine such incidental questions as are necessary to a correct conclusion.' " *Culver* v. *Union & New Haven Trust Co.,* 120 Conn. 97, 102–103, 179 A. 487 (1935), quoting *Chase National Bank* v. *Schleussner,* 117 Conn. 370, 376, 167 A. 808 (1933); see *Hartford National Bank & Trust Co.* v. *Willard,* 175 Conn. 372, 383, 398 A.2d 1186 (1978).

Here, the Probate Court could only determine the heirs of the decedent by determining the paternity of B. General Statutes § 45-272 (a) gives the Probate Court jurisdiction to determine such an incidental question. *Culver* v. *Union & New Haven Trust Co.,* supra.

In addition, General Statutes § 52-599 states in part: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person. . . . (c) The provisions of this section shall not apply: (1) To any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto."

A paternity action is a civil action and that statute applies to civil actions. The death of a putative father does not defeat or render useless a paternity action any more than the nonappearance of a defendant in such action. Judgments have often been rendered against a nonappearing defendant in paternity cases in this state when all other jurisdictional requirements are met. The reasons for rendering such a judgment are obvious.

The Probate Court found it had jurisdiction under General Statutes § 46b-172a (a) (b). This court cannot disagree with that finding.

There are no cases in Connecticut in which the issue presented by this appeal has been decided. The brief filed by the defendant B's attorney, however, does cite cases in other jurisdictions where this issue has been decided in favor of the child. The evidence is simply too overwhelming to reach any other conclusion but that the decedent was the natural father of B. To reach a contrary conclusion would be terribly unjust. It would penalize a young child for something over which that child had no control.

For all of the foregoing reasons this appeal from the Probate Court is dismissed.